UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 14-20296

RONALD PRUITT,

    Defendant.
                                      /

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DENYING MOTION TO SUPPRESS EVIDENCE, AND DENYING MOTION FOR
*FRANKS* HEARING**

Pending before the court is the report and recommendation of United States Magistrate Judge Mona Majzoub, to whom the motion at issue had been referred for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Appendix C of the Local Court Rules.

The magistrate judge recommends that the court deny the motion to suppress. Defendant timely filed "Defendant's Objections to the Magistrate Judge's Report and Recommendation," pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). For the reasons discussed below, the court will adopt the recommendation of the magistrate judge, and deny both of Defendant's motions.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See United States v. Raddatz,* 447 U.S. 667 (1980); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). This *de novo*

review requires the court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions.

A failure to file objections, or a failure to file *specific* objections, each constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise only some issues in the report and recommendation, but fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Sullivan*, 931 F.2d 390 (6th Cir. 1991).

## II.  DISCUSSION

Each written objection presented pursuant to Federal Rule of Civil Procedure 72(b) must be "specific" and address the "proposed findings and recommendations." The court expects that each such objection will be numbered, identify a proposed finding or conclusion, and explain why and how the magistrate judge's analysis is incorrect. In order for the court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion). Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection. *See Howard,* 932 F.2d at 508–09 ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and

the district court perform identical tasks."); *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

Here, Defendant presents one specific objection to the R&R as to *Miranda* warnings:

> Mr. Pruitt respectfully submits that the Magistrate erred by determining that he was given his *Miranda* rights. SA Smith's testimony was contradicted by TFO Anderson's testimony. Specifically, SA Smith testified that he gave an opening introduction before giving *Miranda* rights that lasted about ten minutes. TFO Anderson did not testify to any such introduction. As such, Mr. Pruitt submits that the Magistrate should have accepted his proffer that he was not given his *Miranda* rights . . . .

The court has read the transcript of the evidentiary hearing conducted by the Magistrate Judge. The testimony of SA Smith was clear that the typical interview, of which Defendant's was one, commences with a preamble that usually informs the subject of what has been found so far, and the nature of the investigation. It sets the stage for the *Miranda* warnings. It takes no particular period of time, contrary to Defendant's suggestion in his objection that "it lasted about ten minutes." No such statement was made by Smith or Anderson either in direct or cross examination.

Smith and Anderson both said they were all seated at the dining room table; they both said they had removed their heavier gear; they both said that Defendant was read *Miranda* warnings from a yellow card Smith produced from his wallet and laid on the table; the both said Defendant agreed to converse. Smith said that he explained in a standard "preamble" Defendant's situation, and continued with the *Miranda* warnings, while Anderson was asked whether, "at some point," the *Miranda* warnings were read. (Hr'g Tr. 8/20/14 at p. 57.) Anderson was never confronted with any suggestion that there was or was not a preamble, or how much time went by before *Miranda* warnings

were read. There is no inconsistency between the testimony of Smith and Anderson, and there is no basis to reject the R&R's suggestion that the motion to suppress be denied.

Concerning whether a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978) is justified, Defendant objects in form only, saying that the court should hold a pre-*Franks* hearing before considering whether to hold a *Franks* hearing. The Magistrate Judge, however, correctly evaluated the standard: there must be a substantial preliminary showing of falsity presented by the affiant before a *Franks* hearing is warranted. There has been no such showing presented here. The Magistrate Judge's recommendation will be adopted and the motion for *Franks* hearing denied.

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that the magistrate judge's report and recommendation (Dkt. # 26) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion to Suppress Evidence (Dkt. # 18) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for a *Franks* hearing (Dkt. # 19) is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: September 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2014, by electronic and/or ordinary mail.

<u>s/Lisa Wagner</u>　　　　　<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522