**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

           Plaintiff,

v.

                                        Case No. 14-20296

RONALD PRUITT,

           Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE AND DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY**

Defendant Ronald Pruitt pleaded guilty to possession with intent to distribute heroin, 21 U.S.C. § 841(a)(11), (b)(1)((B)(i), maintaining a drug involved premises, 21 U.S.C. §§ 856(a)(1) and 924(a)(2), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 39, PageID.220-23.) On November 20, 2015, the court sentenced him to 188 months imprisonment. (ECF No. 44, PageID.308.) His projected release date is in February 2028. (ECF No. 60, PageID.363; ECF No. 63, PageID.392.)

Defendant has filed an "Emergency Motion for Compassionate Release." (ECF No. 63.) It expands upon an earlier one-page "Motion for Release from Custody." (ECF No. 54.) Defendant argues the health risks presented by the Coronavirus Disease ("COVID-19") justify his immediate release. The government has filed a response and Defendant has replied. (ECF Nos. 60, 62.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Defendant's motion will be denied.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." U.S. Sentencing Guidelines Manual § 1B1.13. The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. *Id.* § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances.[1] Federal Bureau of Prisons, U.S. Department of Justice,

---

[1] After the passage of the First Step Act in 2018, district courts in the Sixth Circuit remain divided over whether only the BOP Director may determine if a defendant's circumstances fall within the category of "Other Reasons." *Compare United States v. Bolze*, --- F. Supp. 3d ----, 2020 WL 2521273, at *7 (E.D. Tenn. May 13, 2020) (quoting U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D)) ("[O]nly the 'Director of the Bureau of Prisons' can determine that such 'other reasons' exist."), *with United States v. Young*, --- F. Supp. 3d ----, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020) ("[F]ederal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction.").

*Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (2019).

In all, a defendant seeking compassionate release must present "extraordinary and compelling" circumstances, must have § 3553(a)'s sentencing factors that weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B1.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B1.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Considering the sentencing factors under 18 U.S.C. § 3553(a), Defendant's early release is not warranted. Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

>(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>(2) the need for the sentence imposed—
>
>>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>>(B) to afford adequate deterrence to criminal conduct;
>>
>>(C) to protect the public from further crimes of the defendant; and
>>
>>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>(3) the kinds of sentences available;
>
>(4) the kinds of sentence and the sentencing range established . . .

3

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). Defendant has several previous offenses. In 1997, he was convicted of receiving and concealing stolen property. (ECF No. 39, PageID.237; ECF No. 1, PageID.4.) In April 2008, he was convicted of delivery and manufacture of less than fifty grams of crack cocaine. (ECF No. 41, PageID.253; ECF No. 39, PageID.237.) Defendant was driving and was caught attempting to discard the cocaine; a one-year-old child was in the car with him. (ECF No. 41, PageID.253.) While on probation in September 2009, he was convicted of delivery and manufacture of marijuana. (ECF No. 41, PageID.253; ECF No. 39, PageID.237.) In January 2011, while on probation, Defendant received a conviction for carrying a concealed weapon. (ECF No. 39, PageID.237; ECF No. 1, PageID.4.) He was on probation again in October 2011 when he was convicted of possessing cocaine. (ECF No. 39, PageID.237; ECF No. 1, PageID.4.)

In April 2014, police searched Defendant's residence. (ECF No. 39, PageID.223.) He possessed for distribution 811 grams of heroin and 64 grams of cocaine. (*Id.*) Police

found Defendant in possession of three handguns and ammunition. (*Id.*) One of the handguns was stolen and two were loaded. (*Id.*; ECF No. 60, PageID.361.) Defendant also had a bulletproof vest. (ECF No. 39, PageID.223.)

Defendant admitted that he maintained his residence to manufacture and distribute controlled substances. (*Id.*) He was found with scales and a metal press used to advance his trafficking activities. (*Id.*) In discussions with police, Defendant stated around 200 to 300 grams of heroin and two ounces of cocaine were received at his house per week. (ECF No. 60, PageID.362.) His wife and two young children were present and lived at his residence. (ECF No. 41, PageID.251; ECF No. 60, PageID.361.)

Defendant is a recidivist drug trafficker who has amassed two firearm felonies and three distribution felonies over the course of ten years. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223, 237; ECF No. 1, PageID.4.) Despite his prior convictions, Defendant continued to buy, store, and sell substantial quantities of heroin and cocaine to addicts and users in the Detroit community. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223.) He possessed several loaded weapons and body armor, indicating his willingness and ability to engage in acts of violence. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223.) Especially troubling is that Defendant's illegal activities were conducted in the presence of his young children; when Defendant was arrested, heroin was strewn about in accessible locations around the residence. (ECF No. 41, PageID.251; ECF No. 60, PageID.361; ECF No. 1, PageID.3-4.) He is a repeat violator of court-ordered conditions. Many of his crimes were committed while on probation. (ECF No. 41, PageID.253; ECF No. 39, PageID.237.) In all, the history and

characteristics of Defendant do not warrant a reduction of ninety months imprisonment, which would cut Defendant's sentence almost in half. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(1).

**"[T]he need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). Defendant has shown repeated disrespect for the law. He has been convicted of seven felonies, two of which where committed while on probation. (ECF No. 60, PageID.361-62; ECF No. 41, PageID.253; ECF No. 39, PageID.223, 237.) Despite past convictions and sentences, Defendant continued to sell drugs and carry illegal firearms. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223.) These offenses are serious. He contributed to the spread of a deadly narcotic and possessed several loaded guns, thereby risking the life and safety of others, not the least his young children. (ECF No. 60, PageID.361-62; ECF No. 41, PageID.251; ECF No. 39, PageID.223.) A reduction in sentence by almost eight years would not reflect the seriousness of Defendant's antisocial behavior and would not promote respect for the law on the part of Defendant or others who may consider similar criminal activities. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(A). A substantially reduced sentence would also not provide just punishment. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(A).

**"[T]he need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). Defendant's previous sentences have proven ineffective at deterring him from continued crime. By 2014, he was distributing substantial quantities of narcotics and possessing guns despite repeated felony

convictions for drug trafficking and illegal weapons. (ECF No. 60, PageID.361-62; ECF No. 41, PageID.253; ECF No. 39, PageID.223, 237.) He was classified as a career offender and the court crafted a sentence of 188 months imprisonment to disengage Defendant from criminal habits. (ECF No. 39, PageID.239; ECF No. 44, PageID.308.) Although he has little experience with legal employment, at the age of forty-two, Defendant yet has the opportunity to change his life and become a law-abiding citizen. (ECF No. 60, PageID.379; ECF No. 41, PageID.253.) The court feels strongly that there is a greater chance of this occurring with the courts original sentence and less of a chance if the court provides Defendant an early release of almost eight years.[2] 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(B).

**"[T]he need for the sentence imposed . . . to protect the public from further crimes of the defendant."** 18 U.S.C. § 3553(a)(2)(C). Defendant has a proven history of drug trafficking and illegal weapons possession. (ECF No. 60, PageID.361-62; ECF No. 41, PageID.253; ECF No. 39, PageID.223, 237.) He committed crimes despite his prior convictions and committed three offenses, two of which were felonies, while on probation. (ECF No. 60, PageID.361-62; ECF No. 41, PageID.253; ECF No. 39, PageID.223, 237.) Defendant's compliance record with basic rules and expectations is poor. (ECF No. 41, PageID.253; ECF No. 39, PageID.237.) The court is not convinced

---

[2] The court notes that on April 9, 2020 the U.S. Sentencing Commission issued a detailed report on incarceration and recidivism. United States Sentencing Commission, *Length of Incarceration and Recidivism* (2020). Analyzing data on thousands of federal prisoners, the Commission "consistently found that incarceration lengths of more than 120 months had a deterrent effect" while incarceration periods of 60 to 120 months had a lesser effect. *Id.* at 4. Given that Defendant was arrested seventy-six months ago, this study bolsters the court's finding that its original sentence would more likely provide deterrence from further crime, and that the lenient early release as proposed would not. (ECF No. 39, PageID.223.)

that early release with afford adequate public protection; even with conditions and oversight, Defendant may recommit. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(C). Further, if released, Defendant will be asked to comply with an increasing number of public health rules imposed by various levels of government to slow the spread of COVID-19. *See, e.g.*, Executive Order 2020-147: Masks (July 10, 2020) (executive order in Michigan mandating masks in various indoor and outdoor contexts). The court is not confident that Defendant will comply with these public health directives, which may endanger public safety. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(C).

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant was classified as a career offender. (ECF No. 39, PageID.239.) His advisory guideline range was 188 to 235 months imprisonment and the court's sentence of 188 months imprisonment fell at the lower bound. (ECF No. 39, PageID.224; ECF No. 44, PageID.308.) Reducing Defendant's sentence by a period of ninety months, resulting in a total sentence of around seventy-six months, is not justified. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(4).

**"[T]he need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."** 18 U.S.C. § 3553(a)(2)(D). Defendant argues that he has renal agenesis (he was born without one kidney) and has hypertension. Although medical records do indicate that Defendant has only one kidney, he has not received a professional diagnosis for hypertension. (ECF No. 63, PageID.514.) In fact, on two occasions Defendant denied having hypertension. (*Id.*,

PageID.448, 493.) Even if Defendant is correct and he has the condition, records indicate that at Defendant's location of incarceration, FCI Elkton, he receives regular checkups, diagnoses, and medication. (*Id.*, PageID.525-39.) The court has few, if any, assurances as to Defendant's access to quality healthcare if released. While in free society, he engaged in reckless and highly dangerous activities, including the storage and sale of substantial quantities of heroin and cocaine. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223.) Defendant implicitly recognized the dangers of his trafficking lifestyle when he kept in his possession several loaded handguns and a bulletproof vest. (ECF No. 60, PageID.361-62; ECF No. 39, PageID.223.) The need for medical care and considerations of Defendant's health do not weigh in favor of release. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a)(2)(D).

Defendant argues that this analysis changes with the outbreak of COVID-19. The court disagrees. FCI Elkton experienced a large outbreak. A total of 986 inmates out of 2,147, as well as fifty-one staff, have tested positive over the course of past six months. *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 14, 2020); *FCI Elkton*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/elk/ (last visited Aug. 14, 2020). However, as of now, there is only one active case of COVID-19 among inmates and two among staff. *COVID-19: Coronavirus*, *supra*. Defendant himself received a COVID-19 test on May 12, 2020, which came back negative. (ECF No. 63, PageID.538.) He does not assert that he is experiencing symptoms.

The BOP has instituted extensive precautions to mitigate the spread of COVID-19. Inmates' internal movement is suspended, subject to narrow exceptions such as

9

medical examinations; newly arriving inmates are screened for exposure risk and symptoms; symptomatic inmates, as well as asymptomatic inmates with exposure risk, are isolated; social visits have been canceled. *BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Aug. 7, 2020). (ECF No. 60, PageID.363-65.) These measures may have allowed FCI Elton to reduce its active case numbers to the low levels seen today.

Defendant states that he will return to his wife's residence in Southfield, Michigan if released. (ECF No. 63, PageID.398.) Yet Michigan has had tens of thousands of confirmed COVID-19 cases, and Southfield has one of the highest levels of infections in the state. *Coronavirus: Michigan Data*, State of Michigan, https://www.michigan.gov/coronavirus/0,9753,7-406-98163_98173---,00.html (last visited Aug. 14, 2020); *COVID-19 Percentage of Cases by ZIP Code*, Oakland County, Michigan, https://www.oakgov.com/covid/casesByZip.html (last visited Aug. 14, 2020). To release Defendant, the court would be invited to speculate that COVID-19 will continue to spread at FCI Elton despite current trends and BOP precautions, Defendant will contract the disease, he will develop serious symptoms, and he will have a reduced chance of contracting the disease and access to superior healthcare if released. The court is unwilling to do so. Considering the § 3553(a) sentencing factors weighing in favor of continued incarceration, the court will deny Defendant's request for release. Accordingly,

IT IS ORDERED that Defendant's "Emergency Motion for Compassionate Release" (ECF No. 63) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Release from Custody" (ECF No. 54) is DENIED.

                                           s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 17, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2020, by electronic and/or ordinary mail.

                                           s/Lisa Wagner                   /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\14-20296.PRUITT.EmergencyMotionforCompassionateReleaseandMotionforReleasefromCustody.RMK.docx