UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.

                                          Case No. 14-20296

RONALD PRUITT,

          Defendant.
_____/

**ORDER DENYING REQUEST FOR COUNSEL**

Defendant Ronald Pruitt pleaded guilty to possession with intent to distribute heroin, 21 U.S.C. § 841(a)(11), (b)(1)((B)(i), maintaining a drug involved premises, 21 U.S.C. §§ 856(a)(1) and 924(a)(2), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 39, PageID.220-23.) On November 20, 2015, the court sentenced him to 188 months imprisonment. (ECF No. 44, PageID.308.) His projected release date is in February 2028. (ECF No. 60, PageID.363; ECF No. 63, PageID.392.) In August 2020, the court denied Defendant's Motion for Compassionate Release (ECF No. 63) and Motion for Release from Custody. (ECF No 54.)

Before the court is Defendant's "Request for Appointment of Counsel." (ECF No. 65.) Defendant asks the court to appoint an attorney to represent him. (*Id.*, PageID.553.) He states only that he seeks an attorney so that he may "file a motion to get the career offender enhancement off [his] case" and that his case is similar to a Third Circuit case, *United States v. Nasir*, 17 F.4th 459 (3d. Cir. 2021). (*Id.*, PageID.553.) Based on this assertion, it appears Defendant is contemplating filing a motion to vacate his sentence under 28 U.S.C. § 2255 and hopes that an attorney can

assist him in doing so. To be sure, a court has discretion to appoint counsel when "the interests of justice so require," considering the "viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004); 18 U.S.C. § 3006A. However, Defendant has not provided a basis to justify doing so.

As an initial matter, after a cursory review of Defendant's case, the court does not perceive his case to be similar to *Nasir*. The gravamen of the *Nasir* court's holding pertaining to sentencing enhancements was that the defendant should not have received a career offender enhancement where "one of his two prior qualifying convictions was an *inchoate* drug offense" because "the plain language of the guidelines does not include *inchoate* crimes." *Nasir*, 17 F.4th at 468 (emphasis added). By contrast, according to Defendant's Sentencing Memorandum, Defendant had "several prior felony convictions," including "delivery and manufacture of crack cocaine" as well as "delivery and manufacture of marijuana after selling to an undercover . . . police officer." (ECF No. 41, PageID.253.) Thus, the "potential merit" of his claim "does not weigh in favor of appointing counsel." *United States v. Schroeder*, No. 3:10-CR-00247-2, 2019 WL 134004, at *2 (M.D. Tenn. Jan. 8, 2019) (citing *United States v. Waite*, 382 F. Supp. 2d 1, 2-3 (D.D.C. 2005)).

In any event, Defendant presents no basis upon which to grant his request for an attorney; the court cannot do so merely because he wants one. He does not present any reasons demonstrating that he has a limited ability to file a § 2255 motion. *See id.* Moreover, courts have held that requests for counsel before the filing of a § 2255 motion are premature, as the court is "without all the information needed to determine

2

the extent of necessary discovery, if any, or whether an evidentiary hearing will be warranted." *United States v. Whalen*, No. 4:09CR-19-JHM, 2014 WL 12531520, at *1 (W.D. Ky. Dec. 22, 2014).

Because no basis has been shown to grant Defendant's request, appointment of counsel is not warranted at this time. The court will therefore deny the request for appointment of counsel. Accordingly,

IT IS ORDERED that Defendant's "Request for Appointment of Counsel" (ECF No. 65) is DENIED WITHOUT PREJUDICE.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 7, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\14-20296.PRUITT.DenyingRequestForCounsel.MAZ.2.docx